UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROSALIE IRENE VASQUEZ,

                 Plaintiff,

          -against-

                                               **ORDER**

                                          2:25-cv-00432-GRB-JMW

KAREN C. NAPOLITANO, JAMES S. GENTILE
CHAD M. POWERS, and ANTHONY J, MCNAMEE,

                 Defendants.
-------------------------------------------------------------------X

**WICKS,** Magistrate Judge:

      Before the Court is an Order to Show Cause for a preliminary injunction and temporary restraining order (ECF No. 2) filed by Plaintiff Rosalie Irene Vasquez ("Vasquez" or "Plaintiff") on January 24, 2025 seeking relief for alleged constitutional violations in connection with an on-going child custody case in Suffolk County Family Court. For the reasons that follow, the Court declines to sign the Order to Show Cause.

      Vasquez has not demonstrated an entitlement to a temporary restraining order or a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."). Rather, "[a] plaintiff seeking a preliminary injunction must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *Green Haven Prison Preparative Meeting of the Religious Soc'y of Friends v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 78 (2d Cir. 2021) (quotation marks

omitted). Here, Vasquez's motion seeking injunctive relief fails to establish either a likelihood of success on the merits, or that there are "sufficiently serious questions going to the merits of its claims to make them fair ground for litigation." (*Id.*)

*First*, Vasquez's claim challenges an on-going child custody case in Suffolk County Family Court. (*See* ECF No. 3.) Importantly, where, like here, the underlying dispute is a child custody battle where plaintiff seeks redress in federal court, the domestic relations exception divests this Court of subject matter jurisdiction. *See Tait v. Powell*, 241 F. Supp. 3d 372, 376 (E.D.N.Y. 2017) (noting the domestic relations exception divests federal courts of power to issue, among other things, child custody decrees because "the domestic relations of husband and wife, parent and child, belongs to the laws of the states . . . ."); *Ates v. Altiner*, 20-CV-1477 (JMA) (AYS), 2020 WL 3403021, at *4 (E.D.N.Y. June 19, 2020) (finding that the domestic relations exception prevented the court from expanding its jurisdiction where pro se plaintiff sought to challenge matrimonial and child custody determinations made in a state court).

*Second*, Vasquez is suing private attorneys—Chad M. Powers, and Karen C. Napolitano—in a federal case asserting constitutional violations. (ECF No. 1 at p. 4.) Generally, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *United States v. Int'l Board of Teamsters*, 941 F.2d 1292, 1295-96 (2d Cir. 1991). Here, however, these attorneys are private individuals and are not engaged in state action, thus Vasquez's constitutional claims cannot be maintained against them. *See Pierre v. Ingber Law Firm, PLLC*, No. 16-CV-5974 (MKB), 2017 WL 384322, at *2 (E.D.N.Y. Jan. 25, 2017) (collecting cases where an attorney representing a client is not a state actor for purposes of being liable for purported constitutional violations); *see also Lopez v. Chittenden County Transp. Auth.*, No. 2:04-cv-237, 2005 WL 8154971, at *7 (D. Vt. Sept. 12,

2

2005) (dismissing pro se plaintiff's constitutional claim because "as a private attorney representing a private client, [defendant] cannot be liable for a constitutional violation.").

*Third*, although the Complaint does not name the particular Family Court judge in the caption, Vasquez does include allegations against him and does name him in the caption of the Order to Show Cause. (*See* ECF Nos. 2-3.) For instance, Vasquez contends that the Family Court judge violated Vasquez's First and Fourteenth Amendment rights by threatening her during the proceeding. (*See* ECF No. 1 at pp. 7-8; ECF No. 3 at p. 2.) Even if this Court were to liberally construe Vasquez's Complaint, the Family Court judge is shielded by absolute judicial immunity. This principle serves to ensure that judges are not exposed to lawsuits pertaining to judicial acts performed in the judge's judicial capacity during a proceeding, like Vasquez seeks to do here. *See Bonanno v. 41 Sherbrooke Rd., LLC*, No. 23-cv-7388 (GRB) (ARL), 2023 WL 8358063, at *3 (E.D.N.Y. Dec. 1, 2023); *see also Burdick v. Town of Schroeppel*, 717 Fed. App'x. 92, 93 (2d Cir. 2018) ("Judges acting in their judicial capacity are absolutely immune from suit.").

Therefore, because Vazquez has failed to establish a sufficiently serious question as to the merits of her claims, much less a likelihood of success, there is no basis for this Court to issue the requested temporary restraining order or preliminary injunction, and therefore the application to have this Court issue an Order to Show Cause (ECF No. 2) is denied.

Given Vasquez's payment of the filing fee, she is responsible for timely serving the defendants.

Rule 4(m) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff filed her Complaint on January 24, 2025. (ECF No. 1.) Accordingly, taking into account the 90-day timeframe prescribed by the Federal Rules, if Plaintiff does not serve Defendants by **April 24, 2025**, or fails to show good cause why Defendants have not been served, the undersigned will recommend that the Complaint be dismissed without prejudice.

**Plaintiff is to provide a copy of this Order to Defendants along with a copy of the Summons and Complaint. Once Plaintiff has served Defendants, Plaintiff must file proof of service with the Court within fourteen (14) days**.

Plaintiff must advise the Clerk of Court of any changes of her address. Plaintiff's failure to keep the Court informed of her current address may result in dismissal of the case.

The Court encourages Plaintiff to consult with the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court. Consultations with the Pro Se Clinic can be conducted remotely via telephone. If Plaintiff wishes to make an appointment, she should send an email to PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at her address of record and to record such mailing on the docket.

Dated: Central Islip, New York
        February 3, 2025

S O   O R D E R E D :

/s/ *James M. Wicks*
        JAMES M. WICKS
    United States Magistrate Judge

4